D. L. SHEARER, for the use of E. PEELE, *v.* LOUISIANA MUTUAL INSURANCE COMPANY.

When an open policy of insurance is made out in the name of *D. L. S.* "for account of whom it may concern," and a clause is inserted to the effect, that the "*insurance is on merchandise, to cover all shipments to the address of the assured, from time of shipments, and risks to be reported as soon as known*"—*Held :* That to recover under such a policy the value of a lost shipment, it must be shown that it was made to the address of the assured, or if made to the address of another person, that the risk was reported by him.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.*

F. *Haynes*, for plaintiff and appellant.    *Race & Foster*, for defendants.

BUCHANAN, J.  This action is brought to recover the value of merchandise shipped on freight from New York to New Orleans, and insured under an open policy of the nominal plaintiff, *D. L. Shearer*, by the defendants.

The defence is :

1st. Want of insurable interest in the assured.

2d. That no risk was taken by defendants.

3d. Fraudulent suppression of facts known to the assured, at the time of the application for insurance.

It is only necessary to examine the second ground of defence.

*D. L. Shearer,* a commission merchant and auctioneer in New Orleans, had an open policy in defendants' office, which contained the following definition of the objects at risk :

" This insurance is declared to be on merchandise, to cover all shipments to the address of the assured, from time of shipments, and risk to be reported as soon as known."

The policy is made out in the name of *D. L. Shearer, for account of whom it may concern.*

Now, whether we consider the party insured in this instance, or under the particular risk spoken of in the evidence, to be *Shearer* or *Peele,* a point which the evidence leaves in considerable doubt, the ground of defence which we are examing must equally prevail.

If it be *Shearer,* the shipment of goods per ship Saxon, for a voyage from New York to New Orleans, entered on the book annexed to the policy, under date of the 23d of April, 1857, was not covered by the terms of the policy, because the shipment was not " to the address" of *Shearer.*

If, on the contrary, the party assured in this risk was *Peele,* then this action must fail ; because *Peele* did not report the risk as soon as it was known to him, by receipt of the bill of lading through the mail, which is proved to have been from two to three weeks anterior to the report of the risk to the insurance office. The condition, that the risk was to be reported as soon as known, was a lawful one, which the insurers had a right to insert in their contract ; and the significance of which is exemplified in a striking manner by the facts of this case.

It is specially to be observed, that defendants, through their legal representative, the President of the company, immediately on being informed by *Mr. Shearer,* that the shipment in question was not to his address, and the same day that the entry of this risk had been entered upon the book annexed to *Shearer's* open policy, by a Clerk in the office, to whom *Shearer* had not communicated this fact, declared formally to *Shearer* that the defendants did not consider this shipment to be covered by the policy.

Judgment affirmed, with costs.